2025 UT App 96

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
CHARLES W. FRETWELL,
Appellant.

Per Curiam Opinion
No. 20250497-CA
Filed June 26, 2025

Sixth District Court, Richfield Department
The Honorable Randall N. Skanchy
No. 121600174

Dylan T. Carlson and Debra M. Nelson,
Attorneys for Appellant

Derek E. Brown and Marian Decker,
Attorneys for Appellee

Before JUDGES MICHELE M. CHRISTIANSEN FORSTER,
DAVID N. MORTENSEN, and AMY J. OLIVER.

PER CURIAM:

¶1 Charles W. Fretwell appeals the district court's memorandum decision denying his post-judgment motion to withdraw his guilty plea. This appeal is before the court on its own motion for summary disposition based on the lack of a substantial issue for review warranting further proceedings in this court. We affirm.

¶2 Fretwell pleaded guilty and was sentenced in 2013. In March 2025, he filed a motion to withdraw his guilty plea, along with several other motions, in his criminal case. He asserted that the Utah Supreme Court's decision in *State v. Rippey*, 2024 UT 45, permitted the filing of a post-judgment motion to withdraw a

guilty plea. The district court determined that it no longer had jurisdiction in the criminal case and denied Fretwell's motion to withdraw his guilty plea and his other motions.

¶3      In *Rippey*, the supreme court held that specific provisions of the Plea Withdrawal Statute, *see* Utah Code § 77-13-6, were unconstitutionally enacted. *See* 2024 UT 45, ¶ 47. In particular, the court struck the provision that required a motion to withdraw a guilty plea to be made before the sentence was announced. *Id.* In conjunction with another provision of the Plea Withdrawal Statute, the requirement to file the motion prior to sentencing had the effect of barring the consideration of the validity of a guilty plea on direct appeal. *See id.* ¶ 37 (noting that the provisions "together create[d] a rule of preservation and waiver"). After striking those provisions, the court held that the "normal rules of preservation and waiver apply." *Id.* ¶ 48. "In practice, this means that whether a defendant may challenge a guilty plea on direct appeal will depend on whether he attempted to withdraw that plea in the district court. . . ." *Id.* ¶ 49. If a timely motion was made, "then the issue of the plea's validity is preserved and may be argued on direct appeal." *Id.* Otherwise, "to challenge that plea on direct appeal the defendant will need to show that an exception to preservation applies." *Id.*

¶4      Although *Rippey* struck a statutory requirement to file a motion to withdraw a guilty plea before sentencing to preserve a challenge to the plea on direct appeal, it did not more broadly affect the time to move to withdraw a guilty plea. "Once a court imposes a valid sentence and final judgment is entered, the court ordinarily loses subject matter jurisdiction over the case." *State v. Rodrigues*, 2009 UT 62, ¶ 13, 218 P.3d 610. Although district courts may have jurisdiction to consider certain post-judgment motions as permitted by rule, *see State v. Boyden*, 2019 UT 11, ¶ 39, 441 P.3d 737, there is no rule that allows a district court to consider a post-judgment motion to withdraw a guilty plea. On the contrary, rule 11 of the Utah Rules of Criminal Procedure requires a motion to

withdraw a guilty plea to be filed before a sentence is imposed. *See* Utah R. Crim. P. 11(f)(2) ("A defendant must make a motion to withdraw a plea of guilty, no contest, or guilty with a mental condition at the time of the offense before the sentence is announced.").

¶5     Accordingly, the order denying Fretwell's motion to withdraw his plea is affirmed.[1]

———————

1. Fretwell asserts that there are substantial issues for review because this court could consider the implicit denial of an earlier motion to reinstate the time for direct appeal. However, there is no order regarding that motion, and "the mere entry of a final judgment inconsistent with but silent regarding a [separate] motion does not dispose of the motion by necessary implication unless the surrounding circumstances indicate that the [district] court considered and rejected the motion." *Rosas v. Eyre*, 2003 UT App 414, ¶ 17, 82 P.3d 185 (cleaned up). The motion to reinstate the time to appeal was filed in 2020, and there is no indication that it was considered and rejected in the district court's order.